UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL LYNN CUMMINGS,<br><br>                    Petitioner,<br><br>          v.<br><br>SANTA BARBARA COUNTY, et.al.,<br><br>                    Respondents.                    / | CV F 05-1553 AWI DLB HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Docs. 1, 6] |

  Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

  Petitioner filed the instant petition on December 6, 2005. Petitioner was convicted of making false statements on a passport application in this Court, case number 05-CR-111 AWI. On January 30, 2006, the Court issued an order instructing Petitioner that her claims were not properly raised via a section 2241 petition, and should she wish to pursue her claims she must do so by way of section 2255. The Court granted Petitioner thirty days from the date of service of that order in which to submit a section 2255 petition, if she so desired. To date, Petitioner has not responded to the Court's order.[1]

///

---

[1] In fact, on February 7, 2006, the Court's January 30, 2006, order was returned to the Court with a notation that Petitioner was "out of custody." (Court Doc. 7.) Pursuant to Local Rule 83-182(f) each party is under a continuing duty to inform the Court of any change of address. Absent such notice, service of documents at the prior address of record of the party is effective service. Local Rule 83-182(f).

DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner contends that she was intimidated into pleading guilty to the criminal charges, despite her belief that she had a valid defense. Thus, her claims are improperly raised in a petition under § 2241 and must be presented to the sentencing court in a petition filed pursuant to § 2255.

A federal prisoner authorized to seek relief under Section 2255 may seek relief under Section 2241 *if* he can show that the remedy available under Section 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting Section 2255). Although there is little guidance from any court on when Section 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Id.; Holland v. Pontesso, 2000 WL 1170161 (9th Cir. 2000) (Section 2255 not inadequate or

ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior Section 2255 motion is insufficient to render Section 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a Section 2255 petition inadequate);  Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of Section 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Here, Petitioner does not allege that § 2255 is inadequate or ineffective to protect her rights.  Accordingly, Petitioner fails to fall within an exception to this rule which would allow her to raise such a claim in a petition filed pursuant to § 2241.

Because Petitioner has failed to comply with this Court's January 30, 2006, order to submit a § 2255 petition, the instant petition filed pursuant to § 2241 must be dismissed.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED for failure to state a cognizable claim pursuant to § 2241; and

2. The Clerk of Court be directed to enter judgment; thus, terminating this action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 17, 2006**               **/s/ Dennis L. Beck**
3b142a                                     UNITED STATES MAGISTRATE JUDGE